**LOREN S. YOUNG, ESQ.**
Nevada Bar No. 7567
**LINCOLN, GUSTAFSON & CERCOS, LLP**
*ATTORNEYS AT LAW*
3960 Howard Hughes Parkway, Suite 200
Las Vegas, Nevada 89169
Telephone:   (702) 257-1997
Facsimile:    (702) 257-2203
lyoung@lgclawoffice.com

Attorneys for Defendants, JUDITH MARIE NELSON
And BASIN TREE SERVICE & PEST CONTROL

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| VERTIS DILL, JR., individually; VERTIS DILL, JR., as the Special Administrator for the Estate of MAXINE DILL,<br><br>Plaintiffs,<br><br>v.<br><br>JUDITH MARIE NELSON; BASIN TREE SERVICE & PEST CONTROL, INC.; and, DOES 1-50, inclusive,<br><br>Defendants. | CASE NO:<br><br><br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (b) (DIVERSITY)** |

PLEASE TAKE NOTICE that Defendants JUDITH MARIE NELSON and BASIN TREE SERVICE & PEST CONTROL, INC. (hereinafter, "Defendants") hereby removes to this Court the state action described below, pursuant to 28 U.S.C. § 1441(b).

**I.   INTRODUCTION**

On or about March 10, 2022, an action was commenced in the Eleventh Judicial District Court of Pershing County, State of Nevada, where this case is pending entitled *Vertis Dill, Jr.; Maxine Dill v. Judith Marie Nelson; Basin Tree Service & Pest Control; DOES 1-50, inclusive,* Case No. 27CV-TT1-2022-0039 ("Complaint"). (*See* Complaint, attached as Exhibit "A" to the Declaration of Loren

-1-

S. Young in Support of Defendants' Notice of Removal of Action Under 28 U.S.C. § 1441(b) (Diversity) (Young Decl. at ¶2.)

Plaintiffs further filed their First Amended Complaint on May 31, 2022, changing the caption noting Vertis Dill as the Special Administrator of Maxine Dill. The name of the case was amended to read *Vertis Dill, Jr. individually; Vertis Dill, Jr., as the Special Administrator for the Estate of Maxine Dill, v. Judith Marie Nelson; Basin Tree Service & Pest Control; DOES 1-50, inclusive.* (*See* First Amended Complaint, attached as Exhibit "B" to the Declaration of Loren S. Young in Support of Defendants' Notice of Removal of Action Under 28 U.S.C. § 1441(b) (Diversity) (Young Decl. at ¶3.)

Defendant Judith Marie Nelson (hereinafter "Nelson") was served with a copy of the Summons and First Amended Complaint on or about June 1, 2022. Defendant Basin Tree Service & Pest Control, Inc. (hereinafter "Basin Tree") was served June 1, 2022. (Young Decl. at ¶¶4.)

The amount in controversy is not stated in the Complaint. (Ex. "B;" Young Decl. at ¶5.) Instead, the Complaint merely alleges that Plaintiff seeks general damages in excess of $15,000.00. (Young Decl. at ¶5 and Ex. "B" at p. 5, line 9-11 thereto.)

Given the above, after the filing of Plaintiffs' initial Complaint, Plaintiff's counsel sent the undersigned a letter on April 7, 2022. In the letter, Plaintiff indicates medical specials for Plaintiff Vertis Dill are $23,996.75 and medical specials for Plaintiff Maxine Dill are $267,238.87. Thus, the damages in this case are in excess of $75,000.00. (Young Decl. at ¶8).

Based on this representation and confirmation of the alleged damages sought in this matter, Defendant moves for removal within 30 days of the date of service on Defendant Nelson, which was on June 1, 2022. (Young Decl. at ¶10).

Pursuant to 28 U.S.C. § 1332, this is a civil action of which this Court has original jurisdiction. Moreover, this is an action that may be removed to this Court by Defendant pursuant to 28 U.S.C. §§

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL JURISDICTION

Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by

the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. (28 USCS § 1441.)

District courts have original jurisdiction of all civil actions where the matter in controversy: (1) is between citizens of different States, and (2) exceeds the sum or value of $75,000.00, exclusive of interest and costs. (28 USCS § 1332.) As set forth below, both of these requirements are met here.

### A. Complete Diversity of Citizenship Exists Between Plaintiff and Defendant

As discussed below, complete diversity of citizenship exists in this matter between Plaintiffs and Defendants because Plaintiff is a citizen of the state of Nevada and Defendants are both citizens of the state of Washington.

#### 1. Plaintiffs are a Citizen of Nevada.

Plaintiff Vertis Dill, Jr. was and is a citizen of the State of Nevada. (*See* Young Decl. at ¶3).

#### 2. Defendant Judith Marie Nelson is a Citizen of Washington.

Defendant Judith Marie Nelson was and is a citizen of the state of Washington. (*See* Young Decl. at ¶6).

#### 3. Defendant Basin Tree Service & Pest Control is a Citizen of Washington.

For purposes of removal, a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. (28 USCS § 1332(c).)

Defendant Basin Tree is a Washington corporation, incorporated under the laws of the State of Washington, with its principal place of business being in Grant County, Washington. (Young Decl., ¶¶6; Declaration of Joseph Whalen ("Whalen Decl."), served herewith at ¶2.)

At all times material hereto, Basin Tree's corporate Headquarters and Executive Offices were and are located in the State of Washington. (Whalen Decl. at ¶4). At all times material hereto, Basin Tree's Executive Officers and senior management were and are located at Basin Tree's Headquarters in Ephrata, Washington. (*See* Whalen Decl. at ¶4.)

At all times material hereto, Basin Tree's managerial and policymaking functions, including, but not limited to, finance, marketing, merchandising, legal, technology services, store operations,

-3-

human resources, and property development, were and are performed at and promulgated from Basin Tree's Headquarters in Washington. (*See* Whalen Decl. at ¶5.) At all times material hereto, Basin Tree's corporate books, records, and accounts were and are created and maintained at Basin Tree's Headquarters in Washington. (*See* Whalen Decl. at ¶6.)

In the U.S. Supreme Court case of *The Hertz Corporation v. Friend*, 130 S.Ct. 1181,1186 (2010), Petitioner Hertz Corporation, which was headquartered in New Jersey and performed "core executive and administrative functions" in that state, operated facilities in 44 states, including California. California accounted for 273 of the company's 1,606 car rental facilities, approximately 2,300 of its 11,230 full-time employees, approximately $811 million of its $4.371 billion in annual revenue, and about 3.8 million of its roughly 21 million annual rental transactions. (*Id.*) The Ninth Circuit affirmed the District Court's finding that Hertz' principal place of business was in California due to the substantial amount of business activities within the state. (*Id.* at 1187.)

The Supreme Court vacated the Ninth Circuit Court's ruling and remanded the case for further proceedings consistent with the Supreme Court's opinion, which was, specifically, that **the principal place of business "refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities", or the "nerve center," which is typically sited at the corporate headquarters**. (*Id.* at 1186 (emphasis added).)

The facts in *Hertz* are on point with those of the instant case. As set forth above, Defendant Basin is headquartered in Washington and conducts its executive and administrative functions in Washington. Thus, the principal place of business, or the "nerve center," is located in Washington, where Defendant's high-level officers direct, control, and coordinate the corporation's activities.

DOES 1 through 10 are wholly fictitious parties against whom no relief is, or could be, sought in this action. Pursuant to 28 U.S.C. § 1441(b)(1), this Court should disregard the citizenship of any defendant sued under the fictitious names. Accordingly, it is not necessary for other parties to join in this Notice of Removal Action.

Since Plaintiff was and is a citizen of Nevada, Defendants were and are a citizen of Washington, and no other parties will be joining in this removal action, the requirement for complete diversity of citizenship is satisfied.

-4-

**B.     The Matter in Controversy Exceeds the Jurisdictional Amount**

As set forth above, in order for a case between diverse citizens to be removable based on diversity jurisdiction, the amount in controversy must exceed $75,000.00, exclusive of interest and costs. (28 USCS § 1332.)

Where, as here, it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, courts apply a preponderance of the evidence standard. (*See e.g.*, *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696 (9th Cir. 2007). The removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional amount. (*Id.*) Under this burden, the defendant must provide evidence establishing that it is more likely than not that the amount in controversy exceeds that amount. (*Id.*) "A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." (*Petsmart v. Cohn*, 281 F.3d 837, 840 (9th Cir. 2002) internal citations omitted).)

Here, correspondence and records from Plaintiff provides a list of medical specials for the Plaintiff, which appear to be an estimate of the Plaintiff's claim. From this preponderance of the evidence, the $75,000.00 amount in controversy requirement found in 28 U.S.C. § 1332 is satisfied in this instance for the following reasons, which are set described more fully above:

- Plaintiff's April 7, 2022 letter provides a list of medical specials for Plaintiff Vertis Dill at $23,996.75;
- Plaintiff's April 7, 2022 letter provides a list of medical specials for Plaintiff Maxine Dill at $267,238.87.
- Thus, the damages in this case are in excess of $75,000.00.

It is Defendants' understanding that Plaintiffs intend to seek in excess of $75,000.00 computation does not include any other damages that are sought by Plaintiffs including pain and suffering, lost wages, future lost wages, future medical damages, and future pain and suffering. Based on the above, Defendants submit that it is more likely than not that Plaintiff's claims meet the requirement of the amount in controversy as Plaintiff's claims and damages appear to exceed $75,000.00.

///

### III. REMOVAL IS TIMELY

This Notice of Removal is filed less than one (1) year after commencement of the action and in that regard is timely pursuant to 28 U.S.C. § 1446(c). (*See* Young Decl., ¶11).

The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. (28 U.S.C § 1446(b)(1).)

Where the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or "other paper" from which it may first be ascertained that the case is one which is or has become removable. (28 U.S.C. § 1446(b)(3).)

Here, this Notice of Removal has been filed within thirty (30) days after the first defendant was served with the Summons and Complaint in this matter. Based on this representation and confirmation of the alleged damages sought in this matter, Defendant moves for removal within 30 days of June 1, 2022. Therefore, this Notice of Removal is also timely pursuant to 28 U.S.C. § 1446(b).

### IV. NOTICE OF REMOVAL SERVED ON ALL ADVERSE PARTIES

Pursuant to 28 U.S.C. § 1446(d), Defendants are serving a written notice of the removal to all adverse parties, including Plaintiffs, and will file a copy of the notice with the clerk of the Eleventh Judicial District Court of the State of Nevada, Pershing County, where this action is currently pending. (Young Decl. at ¶12).

### V. CONCLUSION

The requirements for complete diversity of citizenship and the requisite amount in controversy are satisfied in this case. Therefore, this Court has subject matter jurisdiction and removal is proper. Accordingly, Defendants respectfully requests this action be removed from the Eleventh Judicial District Court of Pershing County, State of Nevada, to the United States District Court for the District of Nevada, pursuant to 28 U.S.C. § 1441(b).

///

Defendants reserve the right to amend or supplement this Notice of Removal, and Defendants reserve all defenses.

Defendants also requests a trial by jury. (*See* Demand for Jury Trial, filed herewith.)

**WHEREFORE,** Defendants pray that this case be removed from the Eleventh Judicial District Court of Pershing County, State of Nevada, to this Court for the exercise of jurisdiction over this action as though this case had been originally instituted in this Court and that no further proceedings be had in the Eleventh Judicial District Court of Pershing County, State of Nevada.

DATED this __28__ day of June, 2022.

**LINCOLN, GUSTAFSON & CERCOS, LLP**

**LOREN S. YOUNG, ESQ.**
Nevada Bar No. 7567
3960 Howard Hughes Parkway, Suite 200
Las Vegas, Nevada 89169
Attorneys for Defendants, JUDITH MARIE NELSON
And BASIN TREE SERVICE & PEST CONTROL

v:/a-e/dill_basin tree service/atty notes/drafts/pldgs/20220607_note_removal_lsy.docx